UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*County of Clackamas et al. v. Purdue Pharma, L.P., et al.*<br><br>Case No. 1:18-op-45442-DAP | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

Plaintiffs submit this supplemental pleading and Second Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Dkt #513, 514[1]), and as may be amended in the future, and any additional claims asserted herein. Plaintiffs also hereby amend their complaint to alter the defendants against which claims are asserted as identified below. To the extent defendants were previously sued in plaintiffs' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e). Doc. #232.

---

[1] Docket #513 is the redacted Summit Second Amended Complaint and Docket #514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP. The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #24.

{00316788;2}

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1. Plaintiffs' Existing Complaint (No. 1:18-op-45442-DAP, Doc. #7) is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

2. Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants:

Existing Opioid-Maker Defendants[2]:

PURDUE PHARMA, L.P., a Delaware limited partnership; PURDUE PHARMA, INC., a New York corporation; THE PURDUE FREDERICK COMPANY, INC., a Delaware corporation; TEVA PHARMACEUTICALS USA, INC., a Delaware corporation; CEPHALON, INC., a Delaware corporation; JOHNSON & JOHNSON, a New Jersey corporation; JANSSEN PHARMACEUTICALS, INC., a Pennsylvania corporation; ENDO HEALTH SOLUTIONS, INC., a Delaware corporation; ENDO PHARMACEUTICALS, INC., a Delaware corporation; WATSON LABORATORIES, INC., a Nevada corporation; ALLERGAN FINANCE, LLC, a Nevada limited liability company; ACTAVIS LLC, a Delaware limited liability corporation; ACTAVIS PHARMA, INC., a Delaware corporation; MALLINCKRODT LLC, a Delaware limited liability company; INSYS THERAPEUTICS, INC., a Delaware corporation; and JOHN AND JANE DOES 1 THROUGH 100, INCLUSIVE.

Newly added Opioid-Maker Defendants:

INDIVIOR INC., a Delaware corporation; KVK-TECH, INC., a Pennsylvania corporation; MYLAN PHARMACEUTICALS, INC., a West Virginia corporation; PAR PHARMACEUTICAL, INC., a Delaware corporation and Endo subsidiary; SPECGX LLC, a Delaware limited liability company; WEST-WARD PHARMACEUTICALS CORP., a Delaware corporation.

---

[2] As referenced in Plaintiffs' Existing Complaint; referred to as the "Marketing Defendants" in the Summit Second Amended Complaint.

{00316788;2}

Existing Opioid-Distributor Defendants[3]:

>MCKESSON CORPORATION dba McKesson Drug Company, a Delaware corporation; AMERISOURCEBERGEN DRUG CORPORATION, a Delaware corporation; CARDINAL HEALTH, INC., a Delaware corporation; and JOHN AND JANE DOES 1 THROUGH 100, INCLUSIVE.

Newly added Opioid-Distributor Defendants:

>ADVANTAGE LOGISTICS, an Arizona corporation; ANDA, INC., a Florida corporation and Teva subsidiary; ANDA PHARMACEUTICALS, INC., a Florida corporation and Teva subsidiary; KAISER FOUNDATION HEALTH PLAN OF THE NORTHWEST, an Oregon corporation; KAISER FOUNDATION HEALTH PLAN, INC., a California corporation; KAISER FOUNDATION HOSPITALS, a California corporation; THE KROGER CO., an Ohio corporation; SMITH'S FOOD & DRUG CENTERS, INC. d/b/a Peyton's Phoenix, an Ohio corporation and Kroger subsidiary; FRED MEYER STORES, INC., an Ohio corporation and Kroger subsidiary; RITE AID CORPORATION, a Delaware corporation; THRIFTY PAYLESS, INC., a California corporation and Rite-Aid subsidiary; WALGREENS BOOTS ALLIANCE INC., a Delaware corporation; WALMART INC., a Delaware corporation.

Newly added Opioid-Prescriber Defendants[4] (not already added as an Opioid-Distributor Defendant above):

>ALBERTSON'S LLC, a Delaware corporation; NEW ALBERTSONS INC., a Delaware corporation; NEW ALBERTSONS L.P., a Delaware corporation; BI-MART CORPORATION, a California corporation; COSTCO WHOLESALE CORPORATION, a Washington corporation; SAFEWAY INC., a Delaware corporation; TARGET CORPORATION, a Minnesota corporation; TARGET STORES, INC., a Minnesota corporation and Target subisidary.

**I, Amy Bruning, Counsel for Plaintiffs, certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiffs.**

---

[3] As referenced in Plaintiffs' Existing Complaint; referred to as the "Distributor Defendants" in the Summit Second Amended Complaint.

[4] Referred to as the "National Retail Pharmacies" in the Summit Second Amended Complaint.

**I further certify that, except as set forth below, each of the Defendants newly added herein appears in the ARCOS data I reviewed.**

**I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.**

**Dated:** March 15, 2019 **Signed:** *s/ Amy Bruning*

## COMMON FACTUAL ALLEGATIONS

3. By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. Dkt. #1282.

☒ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)
☐ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)
☐ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

4. If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

N/A

## CLAIMS

5. The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments, Dkt. 1282, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply):

☐ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☐ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

{00316788;2}

6. Plaintiff asserts the following **additional claims** as indicated (below or attached):

N/A

7. To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice.

N/A

WHEREFORE, Plaintiff(s) prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

DATED this 15th day of March, 2019.

          D'AMORE LAW GROUP, P.C.

By:   *s/ Amy Bruning*
Thomas D'Amore, OSB No. 922735
Email: tom@damorelaw.com
Rebecca Quinn, OSB No. 043937
Email: rebecca@damorelaw.com
Amy Bruning, OSB No. 175811
Email: amy@damorelaw.com
4230 Galewood Street, Suite 200
Lake Oswego, OR 97035
Telephone: 503-222-6333

*Of Attorneys for Plaintiff Counties*

{00316788;2}